NEBRASKA AND IOWA INSURANCE COMPANY v. JOHN SEIVERS.

[FILED OCTOBER 4, 1889.]

1. **Insurance :** PAROL CONTRACT: MERGER. The plaintiff in error, through one A., its local agent at N. B., for a sufficient consideration, agreed to insure S. against loss or damage by fire upon his hotel building and barn for the term of one year from September 17, 1885, and to deliver to S. a policy therefor in the sum of $1,600. On several occasions between the time of the making of the contract and the destruction of the property by fire, A. stated that he had made out and executed such policy and had it in his safe. On August 26, 1886, the hotel building and barn were totally destroyed by fire. A. was present at the fire, and shortly afterwards denied that the property was insured in the N. & I. Ins. Co., but was insured in another company, for which he was also agent. Thirteen or fourteen days subsequently A. handed to one B., who was acting as attorney for S., a policy of the N. & I. Ins. Co. upon the property, executed

in due form, but dated to expire fourteen days before the fire and loss occurred. This policy B. carried to the general office of the N. & I. Ins. Co., at O., and presented to the secretary of the company, who kept and retained it. In an action by S. against the N. & I. Ins. Co. upon the parol contract to insure and issue a policy, *held*, that the parol contract was not merged in the said policy.

2. ——: ——: PROOF OF LOSS. In an action against an insurance company for the breach of a parol contract to insure, or to issue a policy of insurance, *held*, unnecessary to allege or prove the service upon the company of the proof of the loss within the time usually limited by such company for that purpose in its printed forms.

ERROR to the district court for Dodge county. Tried below before MARSHALL, J.

*Scott & Scott*, for plaintiff in error:

The alleged parol contract was not complete in itself, as the policy was to be issued in order to fulfill it. (*Fish v. Cottenet*, 44 N. Y., 538 ; *Ellis v. Ins. Co.*, 50 Id., 402 ; *Post v. Ins. Co.*, 43 Barb. [N. Y.], 361 ; *Sanburn v. Ins. Co.*, 16 Gray [Mass.], 448 ; *Ins. Co. v. Roessle*, 1 Id., 336.) In case of a loss while the alleged parol contract remained executory the assured's remedy would be in equity alone. (*Ins. Co. v. Colt*, 20 Wall. [U. S.], 560 ; *Sheldon v. Ins. Co.*, 25 Conn., 207 ; *Lightbody v. Ins. Co.*, 23 Wend. [N. Y.], 18 ; *Davenport v. Ins. Co.*, 17 Ia., 277.) In such a case an action in equity may be substituted for specific performance and the court may also determine the amount of loss and compel payment. (16 U. C. Q. B., 477 ; *Tayloe v. Ins. Co.*, 9 How. [U. S.], 390 ; *Gerrish v. Ins. Co.*, 55 N. H., 355 ; *Kelley v. Ins. Co.*, 10 Bosw. [N. Y.], 82 ; *Ellis v. Ins. Co.*, 50 N. Y., 402.) All parol agreements are merged in a policy (*Savercool v. Farwell*, 17 Mich., 308 ; *Galpin v. Atwater*, 29 Conn., 97); and no action can be maintained on the former, after the latter is issued. (*Myers v. Ins. Co.*, 121 Mass., 338.) The insurer is en-

titled to proofs of loss stipulated by the policy, and as these were not furnished, defendant could not recover on the policy. (*O'Riley v. Ins. Co.*, 60 N. Y., 169; *Mix v. Ins. Co.*, 9 Hun. [N. Y.], 397; *Campbell v. Ins. Co.*, 10 Allen [Mass.], 213; *Blakeley v. Ins. Co.*, 20 Wis. 205; *Smith v. Ins. Co.*, 1 Allen, 297; *Ins. Co. v. Lindsey*, 26 O. S. 348.) A distinction is to be made between "notice of loss" and "proof of loss." There was no waiver of the latter in this case. Examination of the premises is not a waiver (*Cedar Rapids Ins. Co. v. Shimp*, 16 Bradw. [Ill. App.], 248); nor is retention of proofs (without offering to return them) when served too late (*McDermott v. Ins. Co.*, 12 Jones & Sp. [N. Y.], 221); nor offer by president of company to send check for loss. (*Universal, etc., Ins. Co. v. Weiss*, 106 Pa. St., 20; *Findeisen v. Ins. Co.*, 57 Vt., 520; *Engebretson v. Ins. Co.*, 58 Wis., 301.) It is a question for the jury whether a company has waived formal proof. (*Crawford, etc., Ins. Co. v. Cochran*, 88 Pa. St., 230; *Underwood v. Ins. Co.*, 57 N. Y., 500; *Enterprise Ins. Co. v. Parisot*, 35 O. S., 35; *Knickerbocker Ins. Co. v. Gould*, 80 Ill., 388.) The parol contract is alleged to have been on the usual terms; hence the assured was bound to furnish proof of loss the same as though a policy was issued. (*Billington v. Ins. Co.*, 3 Can. S. C., 182; *State Fire Ins. Co. v. Porter*, 3 Grant's Cases [Pa.], 123; *McCann v. Ins. Co.*, 3 Neb., 198; *DeGrove v. Ins. Co.*, 61 N. Y., 594; *Hawke v. Ins. Co.*, 23 Grant Ch. [Ont.], 139; *Eames v. Ins. Co.*, 4 Otto [U. S.], 629.)

*C. Hollenbeck*, and *R. J. Stinson*, for defendant in error:

An action can be maintained on a parol contract of insurance, and even where a statute provides that only written policies shall be valid, a parol contract for insurance is enforceable. (1 Wood, Fire Ins., 2d ed., 26; *Cooke v. Ins. Co.*, 7 Daly [N. Y.], 555; *Franklin Ins. Co. v. Colt*, 20 Wall. [U. S.], 560.) An agent authorized to issue poli-

cies may bind the company by a parol contract. (1 Wood, Fire Ins., 29 ; *Angel v. Ins. Co.*, 59 N. Y., 171 ; *Ellis v. Ins. Co.*, 50 Id., 402 ; *Audubon v. Ins. Co.*, 27 Id., 216.) An action may be brought for breach of contract or a bill filed for specific performance (1 Wood, Fire Ins., 35 ; *Jones v. Ins. Co.*, 16 U. C. Q. B., 477 ; *Commercial Union Ins. Co. v. Union Ins. Co.*, 19 How., 321; *Ellis v. Ins. Co., supra; Ky., etc., Ins. Co. v. Jencks,* 5 Ind., 96 ; *Audubon v. Ins. Co., supra; Baxter v. Ins. Co.*, 13 Allen [Mass.], 320); and in the latter case the court may compel the payment of losses. (*McCann v. Ins. Co.*, 3 Neb., 198.) The conditions of the policies do not apply to a parol contract, and no proof of loss was necessary in this case. (2 Wood, 1024; *Gold v. Ins. Co.*, 73 Cal., 216 ; *Ganser v. Ins. Co.*, 34 Minn., 372 ; *Penly v. Assurance Co.*, 7 Grant Ch., [Ont.], 130 ; *Campbell v. Ins. Co.*, 40 N. W. Rep., 661 ; *Baile v. Ins. Co.*, 73 Mo., 371 ; *N. E. Ins. Co. v. Robinson*, 25 Ind., 536 ; *Tayloe v. Ins. Co.*, 9 How., 390 ; *Eureka Ins. Co. v. Robinson*, 56 Pa. St., 257.) Where a company denies liability on the ground of fraud, no insurance, etc., it cannot insist on proofs of loss. (*Campbell v. Ins. Co., supra ; King v. Ins. Co.*, 58 Wis., 508 ; *McBride v. Ins. Co.*, 30 Id., 562.)

COBB, J.

This action is brought on error to the district court of Dodge county.

The plaintiff below alleged that the defendant was a corporation duly organized under the laws of this state, with power to insure property against loss or destruction by fire ; that on September 17, 1885, the plaintiff was the owner of a two-story shingle roof hotel building known as the "City Hotel," situate on lots 3 and 4, block 52, of the city of North Bend, in said county ; also a one and a half story frame, shingle roof, barn, located on lots 3 and

4, block 52, of the city of North Bend, in said county, and on said day the plaintiff applied to James W. Adams, the agent of defendant, lawfully authorized to make the contract herein set forth, for insurance against loss or damage by fire upon said hotel building and barn, and on said day the defendant, by its agent, in consideration of the sum of $96, duly paid by the plaintiff, agreed to become an insurer of said property for the period of one year from September 17, 1885, and agreed to make and deliver to the plaintiff a policy of insurance for $1,600 in the usual form of such policies issued by said defendant. It was agreed by the parties at the time of making said contract that said insurance should commence and bind the defendant from the date of the receipt and payment of the premium, and the defendant, in consideration of the premium, agreed to make and deliver to the plaintiff, within a reasonable time, its policy of insurance upon said buildings to the amount of $1,600 against loss or damage by fire for the period aforesaid; that by the terms of the policies of insurance issued by defendant it promised and agreed to keep and save harmless said plaintiff in the sum of $1,600 from loss or damage by fire on said hotel building and barn for one year from the date aforesaid; that on August 26, 1886, while said contract was in force, said buildings were entirely destroyed by fire; that the value of said buildings at the time said fire occurred was $2,500; that the defendant accepted and received the said sum of $96 premium in full payment of said insurance for the date and period aforesaid, but that said defendant, through its said agent, fraudulently and negligently omitted and failed to execute and deliver to the plaintiff its policy of insurance on said hotel building and on said barn as by the terms of the contract of insurance it was bound to do; that the plaintiff, immediately after said fire, notified the defendant of the loss of said buildings by fire, and on February —, 1887, made a particular statement of the loss and damage sustained, in

35

writing, under oath, which was duly served on defendant; that by reason of the premises the defendant became and now is indebted to the plaintiff in the sum of $1,600, with interest from August 27, 1886, and that no part thereof has been paid; and the plaintiff prays judgment, etc.

The defendant answered denying every allegation except such as are expressly admitted or otherwise answered, and admitting that it is a corporation, under the laws of this state, for the purpose of insuring against loss by fire.

As to plaintiff's being the owner of the property described, or the holder thereof, or whether the same was destroyed by fire, the defendant has no knowledge or information from which to form a belief, and therefore denies the same; and subsequently on leave of the court amended its answer and set up an express denial that the plaintiff at any time, or that any one in his behalf, ever made out and served upon or furnished to the defendant any proof of loss whatever stated in the plaintiff's petition.

Defendant denies that at any time it effected the insurance of plaintiff's property as stated, or that any contract of insurance was directly or indirectly made as stated, and asks judgment, etc.

There was a trial to a jury, with a verdict for the plaintiff for $1,742.80. The defendant's motion for a new trial was overruled, and judgment entered on the verdict; to which the defendant excepted.

The plaintiff in error assigns numerous errors of the court below, not necessary to set forth, as those argued in the brief of counsel present all the material questions to be considered.

It appears from the evidence set out in the bill of exceptions that on September 23, 1885, the Nebraska and Iowa Insurance Company, by and through its local agent, James W. Adams, at North Bend, Nebraska, contracted with the defendant in error, John Seivers, to insure him to the amount of $1,600 upon his hotel building and barn, situate at North Bend, against loss or damage by fire for

one year from said date for a premium of $96, forty dollars of which had been previously paid by Seivers to Adams, twenty dollars was paid on the day mentioned, and the balance, thirty-six dollars, making $96, was paid during the year, and before the loss of the property by fire, in accordance with an agreement between Adams, the insurance agent, and Seivers, insured.

On August 26, 1886, the insured property was totally destroyed by fire. It was understood and agreed between the agent and Seivers, and was a part of the contract, that a formal policy of the insurance company was to be executed and delivered immediately, or in due course of business, but was not so delivered, nor was any policy under the terms of the contract ever executed and delivered to the insured; that at various times after the entering into the contract of insurance, and before the fire, the agent represented to the insured, and to his wife, that the policy contemplated by their said contract had been executed and was deposited in his safe; that immediately after the fire the agent claimed that the contract of insurance was not made with the Nebraska and Iowa Insurance Company, but was made with the Sun Fire Insurance Company, of London, England, for which he was also agent. It appears that about thirteen or fourteen days after the fire the agent handed to E. W. Barnard, acting as attorney or agent of Seivers, or his wife, a policy of insurance of the company (plaintiff in error) purporting to insure Seivers in $1,600 against fire upon the property mentioned, for one year from August 12, 1885, which policy bore date August 12, 1886, the date on which upon its face it expired. On the 13th of September, three or four days after the delivery of the policy by Adams to Barnard, the latter, as attorney for Seivers and his wife, took it to Omaha to the general office of the insurance company and presented it to Matt. Goodwin, secretary and adjuster of the company. This policy does not appear to have been returned to Seivers, nor does

it appear to have been offered in evidence by either party. Nevertheless it is found attached to the bill of exceptions as an exhibit. It also appears that on September 13, the same day this policy was taken to Goodwin, he employed counsel to prosecute Adams, the agent at North Bend, for fraudulent practices in this transaction, and went himself to North Bend the evening of the same day. There was also evidence tending to prove that at the time Barnard went to Omaha and delivered the policy to Goodwin, the secretary of the company, he also delivered to him a notice or statement, drawn up by D. M. Strong, an attorney for Seivers, directed to the Nebraska and Iowa Insurance Company, with an estimate of the amount of loss by fire. It also appears that on February 21, 1887, before the commencement of this suit, the plaintiff below served upon the defendant a proof of loss, which is believed to be legally sufficient, both in form and substance.

The plaintiff below, in his brief here, claims this to be an action at law, for a breach of contract to issue a policy of insurance. Excepting to the designation of " action at law," I agree with him that it is an action for the breach of the defendant's contract to issue a policy of insurance; in other words, that it is not an action for a specific performance of the contract of insurance; at the same time it may be difficult under our Code and practice to draw a clear line of distinction between the action for breach of contract and that to enforce the specific performance of such contract after the term for which the contract was made has expired, and after the destruction by fire of the property against which the insurance was agreed to be made. In either case, if the action be sustained, the judgment would be the same; and, so far as I know, the substance of the pleadings, under the Code system, would be identical. This, I think, disposes of the first point presented in the plaintiff in error's brief, but which it is but just to counsel to say is not relied upon as vital.

The second point is that the parol contract to insure was merged in the written policy delivered by the agent Adams to the attorney Barnard for the plaintiff. The principal ground upon which this point is raised, as it is understood, is that the proof of loss made by the plaintiff, some six months subsequent to the loss, sets up this policy. The proposition of law stated by the plaintiff in error, to which counsel cites authorities, that a verbal contract reduced to writing, which covers all branches and elements of the contract, is merged therein is conceded. If the written policy had contained or fairly covered all branches and elements of the verbal contract, the verbal contract would have been merged and absorbed, and no action for a breach of it would be maintainable. But in order to avail itself of this point the plaintiff in error would have to admit the written contract as binding upon it. This it does not do, but on the contrary, to avoid the absurdity, has constantly repudiated it. Even this was scarcely necessary, as not only on its face was it executed and delivered long after the time which it assumed to cover had expired, but upon its face and by its terms it was made to expire before the happening of the loss by fire which is the event of this controversy, and which made it an object of interest to the parties. It was therefore at the moment of its execution utterly null and void for any and for all purposes. Being so, its recital in the proof of loss by the plaintiff was merely incumbering that paper with an extraneous fiction without any legal significance whatever.

Again, it is contended by the plaintiff in error that the proof of loss was made and presented long after the time required by the usages of the insurance company for a proof of loss, under its policy, to be made, and hence was inoperative and insufficient as proof. Here arises the question whether, in an action upon a parol contract to insure, it is necessary, as a condition precedent to his right of action, for the plaintiff to prove the making of proof

of loss. The plaintiff in error contends that it is, and to that point cites the case of *McCann v. The Ætna Insurance Co.*, 3 Neb., 198. I concede the authority of that decision to its full extent. Were it not for that precedent I would be inclined to hold with the supreme court of the United States in *Tayloe v. The Merchants Fire Insurance Co.*, 9 Howard, 390; the Supreme Court Com. of California in *Gold v. The Sun Ins. Co.*, 73 Cal., 216; and the supreme court of Missouri in *Baile v. The St. Joseph Fire & Marine Ins. Co.*, 73 Mo., 371, to the effect that when an insurance company enters into parol contract to issue a policy and fails to issue such policy it waives its right to demand proof of the loss arising under such contract of insurance. But let us consider to what extent the decision in McCann's case sustains the position of the plaintiff in error. It would seem to be claimed that where a company enters into a parol contract of insurance, or a contract to make and deliver a policy, it is a condition precedent to the maintaining of an action by the assured for a loss arising thereunder to make and present proof of such loss within the time which would have been limited for the same by the terms of such policy had it been executed and delivered. The rule in McCann's case, cited, falls far short of that requirement, while it does hold that proof of loss shall be made and served on the insurance company as a condition precedent for the bringing of an action. I quote the clause of the syllabus of that case: "Although there may be sufficient evidence to establish a parol contract of insurance, yet before the assured has any right of action for the loss sustained he must make and deliver to the company a particular account of the loss, signed and sworn to, together with a statement of the whole value of the subject insured, his interest therein, and when and how the loss originated: the giving of notice and taking of preliminary proofs are conditions precedent, and must be performed before the assured is entitled to receive payment,

or to sue for the loss, unless the company by some act on its part waives the performance of such conditions."

The first point by plaintiff in error applicable to the instruction of the court to the jury is, that the court erred in stating the issues of the case. In the first clause of the instruction, on the court's own motion, it is stated "that J. W. Adams was the agent of defendant, duly authorized to make contracts for defendant against losses or damage by fire." The counsel say in their brief that "we could admit that Adams had authority to contract for insurance, but to admit that he had authority to make the contract as alleged is quite another question." The point as I understand it is that, while plaintiff in error could admit that Adams had authority for insurance on its behalf, yet that that authority was limited to the making and signing of written policies of insurance, and did not extend to the making of parol contracts to insure. To this point I quote from the bill of exceptions, premising that on impanelling the jury and before entering upon the trial the plaintiff asked leave of the court to withdraw a juror and continue the case on the ground of surprise, to his disadvantage; and in explanation of his sudden surprise "the plaintiff says that if the defendant will admit that J. W. Adams was the agent of the defendant at the time stated in the petition, and duly authorized to make the contract of insurance sued upon, and that the money was paid, as stated, to defendant, in the petition I will proceed to trial. The defendant says he will admit all but the money matter; the court says that under the admission he will require the plaintiff to proceed to trial; the motion to withdraw juror is overruled;" and the trial proceeded.

On this record it would seem that the court had full authority for the statement in the charge referred to, and all question of the power and authority of the agent Adams to make the parol contract to insure on behalf of defendant, as set out in the petition, was put to rest, so far as this action was concerned.

The second point on the instructions is that they ignore the question of the written policy merging the alleged parol contract. In my opinion there was nothing to submit to the jury on that question. I am unable to find from the bill of exceptions that this so-called written policy was in evidence before the jury. If it was, I am of the opinion that the only charge which the court could properly give them in respect to it would have been that it was *no* contract binding upon the defendant.

In addition to these objections to the instructions, counsel in the brief say: "Goodwin's presence after the fire may have waived or superseded the necessity of notice of loss," but certainly was not proof of it.

The ninth instruction given to the jury was that "if they believe from the evidence that Goodwin was, in the month of September, 1886, the secretary or assistant secretary of the defendant company, and that he at the time saw that the buildings in question were burned, and that he then had notice by his personal observation of such burning of said buildings, and then knew those to be the buildings in question in this action, then this should be sufficient notice to the defendant of the loss by burning of said buildings, if by personal observation the said Goodwin then actually saw that the loss was total and complete, then proof of the extent of the loss, by the plaintiff to the defendant, would not be necessary."

An examination of this instruction shows that the objection of the plaintiff in error to it is confined to the latter clause. In this I concede that, in view of the authority in the case of McCann, *supra*, the court fell into an error in instructing the jury that the presence of Goodwin at the scene of the late fire, and actually seeing that the loss of the buildings was total and complete, did away with the necessity of proof of loss by the plaintiff; but, as we have seen that there was proof of loss, which was not only complete and sufficient proof, undisputed by the defendant, the

incorporating with it a reference to the alleged written policy is urged as substantive ground of defense to the action.

The only ground of contention against the proof of loss is that it was not made and presented in limited specified time; whereas, under the rule in McCann's case, we have not been able to sustain that objection. The error of the court below, therefore, worked no prejudice to the plaintiff in error.

The instructions given by the court on its own motion, with the exception of the above, meet our approval; those asked by the plaintiff in error and refused by the court, being but the antithesis of those given, their refusal is approved.

Other points raised by the bill of exceptions not being argued by the plaintiff in error in the brief will not be further considered.

Judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.