**Jeanette Welch, Appellee, v. Northern Assurance Company, Limited, of London, Appellant.**

## Gen. No. 26,630.

1. INSURANCE—*sufficiency of evidence of agreement to renew fire policy.* In an action upon an alleged oral contract to issue an insurance policy upon a building owned by plaintiff where the testimony of plaintiff as to the telephone conversation was completely corroborated by one witness and partially by another, and defendant's agent admitted the agreement as to the renewal of policies on the contents of the building, but denied that an agreement was made as to a new policy covering the building, the finding of the trial court that such an agreement was made cannot be disturbed on appeal.

2. INSURANCE—*power of company to make parol contract to insure.* Corporations authorized by their charters to make in-

surance and issue policies are not precluded from entering into parol contracts to effect the same.

3. INSURANCE—*measure of damages for breach of oral contract to issue policy.* The real cause of action and the measure of damages for breach of an oral contract to issue an insurance policy are the same as under a policy.

4. INSURANCE—*insurable interest in property of one who would sustain pecuniary loss from its destruction.* A person who has no title in property and has neither possession nor right of possession has an insurable interest therein provided he will suffer pecuniary loss in case of the damage or destruction of the premises by fire.

5. INSURANCE—*insurable interest of majority stockholder in corporation owning insured building.* One who held a majority of the stock in a solvent corporation and held the legal title to the building in which its business was conducted, though the corporation was the real owner thereof, had an insurable interest in the building.

6. INSURANCE—*right of company to claim benefit of exemptions which would have been in a policy it wrongfully failed to issue.* An insurance company which has failed to issue a policy contracted for can claim no exemption from liability on account of provisions which the policy might have contained had it been issued.

7. CONTRACTS—*nonperformance by one party as excuse for nonperformance by the other.* Where one party refuses to perform a contract, the other party thereto is excused from performance and may sue for damages on account of the breach thereof.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed November 29, 1921. *Certiorari* denied by Supreme Court (making opinion final).

CHARLES B. OBERMEYER, for appellant.

CASTLE, WILLIAMS, LONG & CASTLE, for appellee; JESSE R. LONG, of counsel.

MR. JUSTICE MORRILL delivered the opinion of the court.

This action was brought by appellee as plaintiff in the circuit court to recover damages against appellant, who was the defendant below, arising from the breach by defendant of an oral agreement to issue an insur-

ance policy upon the premises known as Nos. 1512 to 1518 Orleans street, Chicago. The case was tried before the court without a jury and resulted in a finding for plaintiff, upon which judgment was entered for the sum of $4,222.72 and costs of suit. An appeal to this court was prayed and allowed.

The declaration alleges, in substance, that on April 16, 1914, defendant entered into a verbal contract with plaintiff whereby it agreed to issue and deliver to plaintiff an insurance policy insuring her against loss by fire on the above described premises in the sum of $5,000 for the period of one year from that date and that the defendant failed to issue and deliver the same; that the premises were destroyed by fire on April 19, 1914, and that, after the fire, defendant denied the existence of the verbal contract for insurance and refused to issue and deliver to plaintiff the said policy and refused to pay to plaintiff the loss sustained by her amounting to $6,000. Defendant filed pleas of the general issue and several special pleas and thereafter appellee filed two additional counts to the declaration containing substantially the same allegations as the first count of the original declaration. The first additional count further alleges that plaintiff is a majority stockholder in the W. M. Welch Manufacturing Company, an Illinois corporation, which was in possession of and the owner of the building in question, and that plaintiff was the holder of the legal title of record to said premises but that said company was the actual owner thereof, holding either the legal or equitable title thereto. The second additional count alleged, in substance, that plaintiff was interested in the said company as one of the guarantors of all of its indebtedness to the National City Bank of Chicago, at which the W. M. Welch Manufacturing Company had a general credit, and from time to time incurred an indebtedness ranging from $10,000 to $47,000. Sundry demurrers were filed both to the additional counts and

to the special pleas, but it is unnecessary to discuss the pleadings in further detail, because under the stipulation submitting the case to the court without a jury it was agreed that the defendant might introduce any evidence under the general issue which would be admissible under any plea properly pleaded and the plaintiff might introduce any evidence in reply that might be introduced under any proper replication. Under this stipulation the question of the disposition of the pleas to the original declaration and replication thereto and the pleas to the amended declaration became wholly immaterial.

Appellant denied the making of the oral contract to issue the policy of insurance in question. The evidence upon this subject consists of the testimony of Mr. Welch, the husband of plaintiff, who was corroborated to some extent by three other witnesses. The testimony on the part of defendant was given by one of its employees, who denied that the telephone conversation between Mr. Welch and himself was of the character claimed by plaintiff. Mr. Welch testified that on April 16, 1914, he directed Mr. Gagnon, an agent of the defendant, to renew certain policies of insurance upon the contents of the building which were then expiring and also directed him to issue a new policy in the sum of $5,000 upon the building itself. These instructions were given by telephone. It is apparently not denied that the telephone conversation in question was held with Mr. Gagnon, who at first denied having the conversation over the telephone with Mr. Welch prior to the fire, but immediately thereafter admitted the telephone conversation so far as it related to the renewal policies to be issued on the contents of the building but denied that Mr. Welch ordered any insurance on the building. As previously stated, the testimony of Mr. Welch is completely corroborated by one other witness and is corroborated to some extent by two other witnesses. Under these circumstances we

cannot say that the finding of the trial court to the effect that the agreement to issue a policy was made, is manifestly contrary to the weight of the evidence, and for that reason we cannot disturb the judgment of the circuit court in that respect. It is well settled that corporations authorized by their charters to make insurance and issue policies are not precluded from entering into parol contracts to effect the same object. All doubts which may have heretofore existed as to the validity of such parol contracts are now settled and such contracts are held to be valid. The real cause of action is the same under such a contract and under a policy. The measure of damages recoverable is the same. *Firemen's Ins. Co. v. Kuessner,* 164 Ill. 280, and cases cited. Appellant seems to admit that this is the law upon the subject, and the making of the parol contract being assumed, it becomes necessary to determine the liability of the parties.

It is contended by appellant that in the case of an oral contract for insurance of this character it must be presumed that the parties contemplated a form of policy containing such conditions and limitations as are usual in similar cases or have been used before between the parties, unless some contrary requirement has been brought to the attention of the parties to the contract who will be affected thereby. *Continental Ins. Co. v. Roller,* 101 Ill. App. 79; *Eames v. Home Ins. Co. of New York,* 94 U. S. 621. Appellant further urges that such being the law, the policy contemplated to be issued must be in the form known as the New York Standard Form of fire insurance policy, which contains the following conditions, to wit:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstances concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured

touching any matter relating to the insurance or the subject thereof, whether before or after a loss.

"This entire policy unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the subject of insurance be a building on ground not owned by the insured in fee simple, or if the interest of the insured be other than unconditional and sole ownership.

"If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by the said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of loss thereon, all incumbrances thereon, all other insurance whether valid or not, covering any of said property.

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Appellant then alleges that the appellee concealed and misrepresented material facts and circumstances concerning her interest in the building and did not truly state her interest therein; that the building is not on ground owned by her in fee simple and that her interest in said building was not that of unconditional and sole ownership and that the action for recovery under the alleged contract was not commenced within twelve months after the fire. The position taken by appellant is that plaintiff was not the owner of the building and had no insurable interest therein as such owner or otherwise.

The trial court held that plaintiff had an insurable interest in the premises as a stockholder in the W. M. Welch Manufacturing Company. Appellant does not

seem to question the general proposition that a stock-holder has an insurable interest in the property of the company. *Crawford v. Aachen & M. Fire Ins. Co.,* 100 Ill. App. 454. We think there can be no question but that she had such an interest. She owned stock to the amount of $65,000. The total capitalization was $100,000. The company was solvent and paid its debts. A person who derives a benefit from the existence of the property or would suffer loss from its destruction has an insurable interest. A person who has no title in the property and has neither possession nor right of possession has an insurable interest therein provided he will suffer pecuniary loss in case of the damage or destruction of the premises by fire. *Home Ins. Co. of New York v. Mendenhall,* 164 Ill. 458. This rule has been sustained by the authorities in all jurisdictions so far as we have been advised.

Assuming that the contemplated policy if issued would have contained the limitations and conditions set forth in the New York Standard Form of policy, as urged by appellant, it remains to determine whether or not plaintiff would have been precluded from any recovery by reason of her failure to comply with these conditions or any of them. So far as we have been advised by the briefs of counsel, this precise question has never been determined by the reviewing courts of this State; therefore the opinions of courts of last resort in other jurisdictions will have great persuasive force. The precise question was passed upon by the Supreme Court of Washington in the case of *Chenier v. Insurance Co. of North America,* 72 Wash. 27. That was an action for damages on account of a breach of a contract to issue a fire insurance policy. An agreement was made with the insurance agent for the renewal of a former policy. Before the policy was issued a fire occurred destroying the building covered by the former policy. The suit was commenced more than 12 months after the fire. The defendant contended

that under the terms of the former policy, which would have been embodied in the renewal thereof, the suit must be commenced within 12 months next after the fire and that proofs of loss must be made in 60 days; that plaintiff had made no proofs of loss and did not commence suit within 12 months after the fire, both of which allegations were true. The case differs from the case at bar in that a renewal policy was there involved which would have contained the same provisions as the former policy while in the case at bar a new policy was contemplated. The court considered and discussed the question as to whether or not the plaintiff was precluded from recovering because of failure to comply with conditions precedent to recovery which would have been contained in the policy had it been issued in compliance with the contract. It is admitted that if such a policy had been issued and a suit brought to recover the amount thereof there could be no recovery except upon compliance with the conditions precedent established by the policy without a waiver of these conditions. The Washington case, like the present case, was a suit for damages because of the failure of appellant to execute a contract of insurance in conformity with its agreement, and it was held that under the general rule a denial by the insurer of the existence of such a contract constitutes a waiver of conditions precedent to be performed by the insured. When a contract is repudiated, as in the case at bar, on the ground that there is no contract and consequently no liability, there is no obligation on the part of the insured to comply with conditions precedent which might be contained in the prospective policy. Defendant having failed to issue the policy, it can claim no exemption from liability on account of provisions which the policy might have contained had it been issued. *Thompson v. Germania Fire Ins. Co.,* 45 Wash. 482; *Hardwick v. State Ins. Co.,* 20 Ore. 547; *Western Assurance Co. v. McAlpin,* 23 Ind. App. 220;

*Tayloe v. Merchants' Fire Ins. Co. of Baltimore,* 9 How. (U. S.) 390. It was also held in the case of *Sproul v. Western Assurance Co.,* 33 Ore. 98, that there was a waiver of a provision of the policy which was to have been issued, but which was not issued, rendering the policy void if the property be incumbered, in a case where the existence of a contract to insure is flatly denied and the issuance of the policy refused.

Counsel have discussed in their briefs these cases and other cases which hold the contrary view. From this discussion it appears that in the case of *McCann v. Ætna Ins. Co. of Hartford,* 3 Neb. 198, a contrary view was held so far as the necessity of proof of loss is concerned, and in a later case, *Nebraska & I. Ins. Co. v. Seivers,* 27 Neb. 541, the court while recognizing the authority of its former decision indicated a disposition to follow the general rule as laid down in *Tayloe v. Merchants' Fire Ins. Co. of Baltimore, supra.* It is admitted by appellee that the case of *Barre v. Council Bluffs Ins. Co.,* 76 Iowa 609, is in direct conflict with the rule for which appellee contends and which was followed by the trial court. We do not deem it necessary to indulge in a more extensive discussion of the authorities cited by counsel, as we are of the opinion that the great weight of authority is in favor of the rule that the refusal of the defendant to issue a policy in conformity with its agreement does not make the plaintiff's right to recover dependent upon her compliance with the terms and conditions of such a policy as might have been issued, if it had complied with its agreement.

All of the essential elements of a contract for insurance were established in this case, including the names of the insurer and insured, the property covered, the amount and terms of the insurance. The amount of the premium was not mentioned, but this is fixed by the insurer and the insured promised to pay the same. The minds of the parties had met in making the con-

tract and a contract for insurance was consummated. *Firemen's Ins. Co. v. Kuessner*, 164 Ill. 280. Where one refuses to perform a contract, the other party thereto is excused from performance and may sue for damages on account of the breach thereof. *Kadish v. Young*, 108 Ill. 170. Plaintiff's right to recover in this case is not predicated upon her compliance with the terms of a policy which was not issued.

The judgment of the circuit court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.