[No. 11901.    Department Two. — August 24, 1887.]

## H. L. GOLD, Respondent, *v.* SUN INSURANCE COMPANY, Appellant.

Insurance — Parol Agreement to Issue Fire Policy. — A parol contract to issue a fire insurance policy, made by an insurance company authorized to issue policies of that kind, is valid. Such a contract may be enforced by compelling a specific performance by the company, or by an action for a breach of the agreement.

Id. — Action for Breach of Contract to Renew Policy — Pleadings Sufficiency of Complaint — Demurrer. — The action was brought for the breach of an agreement by the defendant to renew a policy of fire insurance on certain property belonging to the plaintiff. The complaint, after stating the date and amount of the original policy, and the property insured and its value, alleged that the contract was for a renewal of that policy upon the same property, and for a like amount, and was founded upon a valuable consideration. The complaint further alleged a breach of the contract by the defendant, and the consequent damage to the plaintiff. *Held*, that the complaint was sufficient, and that it would not be presumed on demurrer, in the absence of any allegation to that effect, that the original policy contained any terms or conditions the breach of which would defeat the plaintiff's cause of action.

Id. — Allegation of Consideration — Premium — Proof of Loss. — *Held further*, that the allegation that the contract was founded upon a valuable consideration was sufficient, without a specific averment that a premium had been paid, or that its payment had been agreed upon, and that there was no necessity to make proof of loss in accordance with the terms of the original policy.

Appeal from a judgment of the Superior Court of Tehama County.

The facts are stated in the opinion.

*Rhodes & Barstow*, and *Chipman & Garter*, for Appellant.

*John F. Ellison*, for Respondent.

FOOTE, C. — This was an action to recover from the defendant the sum of five hundred dollars for failing to comply with a contract to issue to the plaintiff a fire insurance policy for the sum last mentioned.

The complaint was demurred to, the demurrer overruled, and the defendant having failed to answer over, judgment was rendered for the plaintiff as prayed for, and from that this appeal is prosecuted.

The demurrer went to the point that the complaint did not show facts sufficient to constitute a cause of action.

1. The pleading in question alleges an agreement on the part of the defendant, a fire insurance company, upon a day certain to renew a policy of insurance upon a saloon, bar-room, fixtures, etc., belonging to the plaintiff. It states the date and amount of the original policy and the property which was by it insured, its value, and that the contract was for a renewal of that policy upon the same property, and for a like amount; that relying on the promise to renew that policy, and the insurance company having received a valuable consideration for such promise from the plaintiff, the latter had not obtained any other insurance upon the property, and that at the time he suffered loss of it from fire he was under the belief that the defendant had insured it by a renewal of the policy, and that he was not aware of the breach of the contract by the defendant until the loss had occurred; that by reason of that breach and the loss occasioned by the fire, the plaintiff has been damaged in the sum of five hundred dollars, which was the amount of the policy agreed to be renewed, and that no part of that sum has been paid.

The defendant contends that the demurrer should have been sustained, —

1. Because the terms and conditions of the policy originally issued, and for the renewal of which the contract was entered into, were not stated in the complaint.

2. That it was not averred that the premium for the renewal was paid, or satisfaction made therefor.

3. That no proof of loss was furnished, as was required under the original policy.

In the first place, we understand that a parol contract to issue a fire policy, made by an insurance company authorized by its charter to issue policies of that kind, is valid. And that such a contract can be enforced by compelling a specific performance by the company, or in an action for the breach of the agreement. And the question always is, whether, having agreed upon the terms of the insurance, and to issue a policy therefor, the company is liable for the failure to do so. (*Ellis* v. *Albany City Fire Ins. Co.*, 50 N. Y. 405–408.)

The defendant was informed by the language of the complaint when the contract to *renew* a certain policy of insurance was made what was its subject-matter, for what amount the property was to be insured, and that it was made and entered into for a valuable consideration; thus it seems to us that the terms of *the contract* as agreed upon were sufficiently stated.

A sufficient contract having therefore been thus stated in the complaint, we cannot presume, in the absence of any such allegation in the pleadings, that there were any terms or conditions in the original policy, a breach of which would defeat the plaintiff's right to recover in this action.

There does not seem to have been any need to have stated that a premium was paid, or the amount of it, or that satisfactory arrangements had been made for its payment. That could have been proved under the allegation that a valuable consideration had moved to the defendant from the plaintiff, as the basis of the contract to renew the policy. And had it been denied in an answer that such consideration did so move, the defendant, under the issue thus made, could have introduced evidence to disprove the fact that any such consideration had thus moved.

There was no necessity to make a proof of loss as required by the terms of a policy which had been agreed to be but never was renewed, and which the defendant, repudiating its contract, refused to renew. (*Tayloe* v. *Merchants' Fire Ins. Co.*, 9 How. 390.)

The demurrer was therefore properly overruled, and the judgment should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.