## WESTERN ASSURANCE COMPANY *v.* McALPIN, EX-ECUTOR.

### [No. 2,977.   Filed November 2, 1899.]

INSURANCE.—*Suit upon Oral Contract.*—*Pleading.*—In a suit against an insurance company for a fire loss, upon an oral contract to insure the property, the policy agreed to be issued is not the foundation of the action in the sense that it must be filed with the complaint. *p. 222.*

SAME.—*Oral Contract.*—*Principal and Agent.*—Plaintiff brought suit for a loss by fire, upon an oral contract to insure. The facts found showed that defendant issued its policy upon the same property in favor of plaintiff's decedent and his partner; that upon the expiration of the policy, defendant's agent, who was authorized to receive applications for insurance and issue policies, called at decedent's place of business to talk about trading property, and decedent informed him that his insurance had expired and that he desired to have it renewed in the same company, for the same amount and upon the same terms as the former policy, except that it be made to him as sole owner, and the agent promised that he would attend to it immediately. Nothing was said as to the payment of the premium, the agent being indebted to decedent, and had on previous occasions issued policies to decedent and credited same on his account. The policy was not issued, and in ten days the property was de-

stroyed by fire, of which the agent was verbally notified on the day of the fire, and a demand made for the policy and the premium therefor tendered, which was refused. *Held,* that a valid contract to insure was consummated and in force at the time of the fire, and that defendant was liable for the loss sustained. *pp. 222-228.*

INSURANCE.—*Suit on Oral Contract.—Damages.—*A court of equity will enforce an oral contract for a policy of fire insurance, and, having jurisdiction for specific enforcement, adjudge the damages the same as if the policy had been issued and suit brought thereon. *p. 226.*

SAME.—*Crediting Premium on Agent's Account.—*Where an insurance agent entered into a contract to insure plaintiff's property, crediting the premium on an account which the agent owed to plaintiff, the contract is binding on the company. *p. 226.*

SAME—*Complaint.—Payment of Premium.—*In an action on an oral contract of insurance it is not necessary to allege and prove payment of the premium. *p. 227.*

EVIDENCE.—*Deceased Witness.—*The testimony of a deceased witness may be read as evidence in a subsequent trial. *p. 229.*

SAME.—*Insurance.—Oral Contract.—*In an action against an insurance company for a loss by fire, under a contract entered into with defendant's agent to insure the property for the same amount, and upon the same terms as a former policy issued by defendant upon the property, the former policy is admissible in evidence. *pp. 229, 230.*

INSURANCE.—*Proofs of Loss.—Waiver.—*Where an insurance company, after a loss, refused to issue a policy upon an oral agreement entered into by its agent to insure the property, it in effect denied any liability, and proofs of loss were not required as conditions precedent to bringing suit. *p. 230.*

SAME.—*Principal and Agent.—Premium.—*An agent authorized to accept risks and collect premiums, having the power to make a valid contract to insure, may waive the payment of premium in cash. *p. 230.*

SAME.—*Premium.—Payment.—Evidence.—*Where parties contract for insurance with reference to former dealings in which a credit was given for premiums, such dealings may be looked to in determining whether a cash payment or a credit was intended. *p. 230.*

EVIDENCE.—*Insurance.—Ownership of Insured Property.—*In an action for a loss under a contract of insurance, evidence by a witness who had formerly owned an interest in the insured property, that she had no interest therein when it was burned, was harmless, where there was other undisputed evidence showing the ownership of the property. *p. 231.*

SAME.—*Exception.—*An objection to the admission of evidence on the ground that it was immaterial and irrelevant is not sufficient to raise any question as to its competency or admissibility. *p. 231.*

From the Marion Superior Court.    *Affirmed.*

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*W. N. Harding, A. R. Hovey* and *E. A. McAlpin,* for appellee.

ROBINSON, J.—Appellee sues upon an oral contract to insure. The first paragraph of complaint, after showing location of property, ownership by insured at the time of the contract, and of the loss, the period and the amount of insurance and premium paid, avers that, on a date named, appellant agreed, through its agent, to deliver appellee's decedent within a reasonable time its policy of insurance upon the property, in a named amount, against loss and damage by fire; that while the agreement was in force the property burned; that immediately after the fire the agent was notified of the loss, and demand made on him for the execution and delivery of the policy, which demand and payment of the loss was refused. The second paragraph contains additional averments to the effect that at the time of the agreement to issue the policy the agent had policies of a certain form signed by appellant's president and secretary, and issued and delivered by appellant to the agent to be by him countersigned and delivered to persons insured; that by the terms of the policies issued by appellant in the usual form appellant promised to pay the loss sixty days after notice and proof of loss.

The complaint shows the parties to the contract, its subject-matter, an insurable interest, the duration of the risk, the amount insured, and premium paid. And it is averred that the company, through its agent, agreed to make and deliver to appellee's decedent, within a reasonable time, its policy of insurance. Nothing as to the terms and conditions of the contract were left open. They were all agreed upon. The policy agreed to be issued is not the foundation of the action, in the sense that it must be filed with the complaint. Thus in *New England Ins. Co.* v. *Robinson,* 25 Ind. 536, it

is said: "The policy of insurance, which the company agreed to issue, was not the foundation of the action, and a copy thereof was not, under the code, required to be filed with the complaint. The company having refused to issue the policy, it was not necessary that the complaint should be special, and show the conditions complied with. *Tayloe* v. *Merchants Ins. Co.*, 9 How. 390, 18 Curtis 191. The conditions precedent were waived by the refusal of the company to issue the policy. *Post* v. *Aetna Ins. Co.*, 43 Barb. 351." See *Gold* v. *Sun Ins. Co.*, 73 Cal. 216, 14 Pac. 786; *Baile* v. *St. Joseph Ins. Co.*, 73 Mo. 371.

The facts found show that November 22, 1892, appellant issued its policy to George and Orme, partners, for one year for $10.13 premium; that afterwards, and during the life of the policy, Orme sold her interest in the property, a stock of furniture, to George, who was thereafter and at the time of the fire the sole owner; that one Crawford, from prior to November 22, 1892, continuously until after the 2nd day of May, 1894, was appellant's agent, and was also agent of other fire insurance companies, and as such agent had entrusted to him by appellant blank policies of insurance signed by the company's officers, and as such agent was authorized to receive applications for insurance, and to accept risks, to write and countersign such policies, deliver them to the insured and collect the premiums; that on the 18th day of January, 1894, Crawford called at George's place of business, where the property burned was located, for business other than insuring his property, to talk about trading property, and while there George informed the agent that the insurance on his property had expired, and that he desired to have it renewed for the same amount and upon the same terms as in the former policy; that the agent in response to this request then promised George that he would attend to the matter of renewing the insurance immediately; that the agent knew the property belonged at that time to George; that George informed the agent that his insurance had expired in sub-

stantially the following language: "My insurance is out. It is out now. I looked at the policy this morning;" that the agent then remarked, "Well, George, we don't want to burn out without any insurance; that must be attended to;" that George thereupon asked the agent which was the best company in his agency, and, being told by the agent that the Western Assurance Company was the best he had, George thereupon substantially said that that was the company he wanted; that the agent looked around at the stock of goods and asked George, substantially, how much insurance he wanted, and George thereupon told the agent that he wanted the same amount as had been carried in the old policy, just wanted the policy carried out, renewed; and thereupon the agent told George, in substance, that he would be out of town for a day or two, and that they would further talk of trading property when he returned; that when the request was made for insurance nothing was said as to the payment of the premium, but the agent had previous to that time issued to George two policies crediting at least one premium on account, not collecting the premium at the time of making the contract or at the time of issuing the policies, and the agent made no request that George should pay the premium for the policy he had requested, and a credit for the premium was contemplated by both parties, the agent being indebted to George for furniture; that the policy was not issued; that on the 28th day of January, 1894, the property was wholly destroyed by fire, of which the agent was verbally notified on the same day; that on February 3, 1894, George demanded of the agent the policy, which demand was not complied with; that on May 2, 1894, George tendered to the agent $10.13 in payment of the premium and demanded the policy, which tender was refused as was also the policy; that on April 30, 1894, George served upon appellant a verified proof of loss, stating therein that the property destroyed was covered by renewed insurance in appellant company on renewal of the former policy; that

during the pendency of the action George died, and appellee was appointed executor; that the loss has never been paid.

As conclusions of law the court stated that there was a contract of insurance between appellant and George, entered into January 18, 1894, which was in force at the time of the fire; that appellee is entitled to receive of appellant $868, less $10.13 which appellant should have on account of premium.

It is no doubt true that where there is simply an offer to insure, without acceptance, or where anything is left open for future adjustment as to amount or duration of risk, or as to premiums, no contract to insure exists. It must clearly appear that all the elements essential to a valid contract are agreed upon. There must be an offer and acceptance of a complete contract to insure. *Haskin* v. *Agricultural Ins. Co.*, 78 Va. 700; *McCann* v. *Aetna Ins. Co.*, 3 Neb. 198.

The question presented is whether a contract to insure was consummated between appellant, through its agent, and appellee's decedent on January 18, 1894. A contract of insurance may rest in parol. In *Eames* v. *Home Ins. Co.*, 94 U. S. 621, it is said: "It is sufficient if one party proposes to be insured, and the other party agrees to insure, and the subject, the period, the amount, and the rate of insurance is ascertained or understood, and the premium paid if demanded. It will be presumed that they contemplate such form of policy, containing such conditions and limitations as are usual in such cases, or have been used before between the parties." *Hartford Ins. Co.* v. *King*, 106 Ala. 519, 17 South. 707.

The findings aside from the recitals of any mere evidence they may contain, show a contract to insure between appellant company's agent and appellee's decedent, and not simply a contract to issue a policy of insurance. The agent had authority to receive applications for insurance and accept risks. The findings show the parties making the contract and its subject-matter. The time when the risk should begin was fixed by the agent agreeing to attend to the matter

of insurance immediately. The amount of the risk, its duration, and the premium, were fixed by the old policy which was issued by appellant and to which the attention of the agent was at the time expressly directed for information. *Home Ins. Co.* v. *Adler*, 71 Ala. 516. Both parties understood the kind of policy that was to be issued. Nothing remained to be determined afterwards. Had the agent written a policy, which he could have done on the information he had, and upon tendering it to the insured the payment of the premium had been refused, he could have collected it by suit.

It has been held that a court of equity will enforce an oral contract for a policy, and, having jurisdiction for specific enforcement, adjudge the damages just as if the policy had been issued and suit brought on it for the loss of the thing insured. And the effect is the same whether the suit is on the contract for the loss under the risk or for breach of the contract for not insuring, because the loss is the measure of damages. *Tayloe* v. *Merchants Ins. Co.*, 9 How. 390; *Commercial Ins. Co.* v. *Union Ins. Co.*, 19 How. 318; *Baile* v. *St. Joseph Ins. Co.*, 73 Mo. 371. Wood on Fire Ins., §11.

It is further argued that the complaint avers that the premium was paid; that the findings show that the premium was not paid. The findings show that nothing was said as to the payment of the premium, that the agent did not demand it, that in previous dealings between the parties one premium had been credited on account, and that the parties contemplated a credit, the agent being indebted to the insured. As between the agent and the insured the finding shows the premium was in effect paid. Whether there was a payment to the company we need not decide, because if the finding is construed as showing a credit, the contract would be binding on the company. *Ohio Farmers Ins. Co.* v. *Stowman*, 16 Ind. App. 204.

If an agent, authorized to accept risks, accepts a risk by parol, promising to deliver the policy, the insurance begins

with the acceptance, and the contract in parol continues until the policy is delivered, when it is superseded by the policy. See Wood on Fire Ins., §20. *Kelly* v. *Commonwealth Ins. Co.*, 10 Bosw. 82; *Security Ins. Co.* v. *Kentucky Ins. Co.*, 7 Bush. 81; May on Ins., §22a.

A contract of insurance, or to insure, may exist without either the payment of the premium or delivery of the policy. *Union Central Ins. Co.* v. *Panly*, 8 Ind. App. 85, and cases there cited. *Bragdon* v. *Appleton Ins. Co.*, 42 Me. 259; *Kohne* v. *Insurance Co.*, 1 Wash. C. C. 93, Fed. Cas. No. 7,920.

An agent authorized to deliver policies and collect premiums may waive the payment of the premium in cash, notwithstanding a stipulation in the policy to the contrary, and such a policy is enforceable unless avoided by bad faith or collusion. *Phoenix Ins. Co.* v. *Hinesley*, 75 Ind. 1; *Home Ins. Co.* v. *Gilman*, 112 Ind. 7; *Insurance Co.* v. *Colt*, 20 Wall. 560. See *Church* v. *LaFayette Ins. Co.*, 66 N. Y. 222; *Phoenix Ins. Co.* v. *Meier*, 28 Neb. 124, 44 N. W. 97. Wood on Fire Ins., §28. As the agent was authorized to accept payment of premiums he could exercise his discretion as to the mode of payment. May on Ins., §134. Although the complaint avers payment, yet, in view of the above authorities, it was not a material averment, and it is sufficient if appellee established the substance of the issue without proving every averment of the complaint. It is immaterial whether the finding be construed as a payment of the premium by way of credit given the agent on his personal account or as a credit given the decedent by the agent. See Wood on Fire Ins., §30. *Post* v. *Aetna Ins. Co.*, 43 Barb. 351; *Angell* v. *Hartford Ins. Co.*, 59 N. Y. 171, 17 Am. Rep. 322; *City of Davenport* v. *Peoria Ins. Co.*, 17 Iowa, 276. Thus it is said a parol contract is valid, though nothing is said about the premium, where the parties from former dealings know the rate and the agent has been in the habit of giving credit. May on Ins., §22.

In *Strohn* v. *Hartford Ins. Co.*, 37 Wis. 625, cited by appellant's counsel, it was held there was no complete contract of insurance because there was no definite agreement as to the duration of the risk.

In *Taylor* v. *Phoenix Ins. Co.*, 47 Wis. 365, 2 N. W. 559, and 3 N. W. 584, cited by appellant's counsel, the conversation which it was sought to construe as a contract to insure had reference entirely to the renewal of an existing policy. It was held that if there was to be simply a renewal of an existing policy the conditions precedent to the renewal must be performed before the policy took effect; that the parol contract was not a contract of insurance *in praesenti*, and contained no waiver of the conditions contained in the policy sought to be renewed. As the reasoning in that opinion, which was by a divided court, does not seem to be in harmony with the weight of authority we do not feel justified in following it.

Taking the finding as a whole we can not escape the conclusion that a valid contract to insure was consummated between appellant and appellee's decedent on January 18, 1894, which was in force when the property burned.

The first four reasons assigned for a new trial are based upon the failure of the evidence to sustain the findings. The court, in its finding, has set out the conversation constituting the contract to insure. Taking all the evidence given to show a contract to insure, and the inferences that may be legitimately drawn from the facts proved, we must conclude there is evidence to sustain the court's finding. There is evidence that the minds of the parties met upon the essential elements of the contract. None of the material details remained to be determined. Nothing was left open for future determination. If any of the essential elements were not expressly discussed and agreed upon, it is evident they were understood by the parties at the time. As has been said: "All the essentials need not, however, be expressly negotiated upon, since they may be understood, as where the terms of the usual

policy are presumed to have been intended; or where the usual rate of premium is presumed to have been meant; or in case the duration of the risk is understood to be the same as in a former policy; or where by custom or usage a certain course of dealing has been established." Joyce on Ins., §46, *et seq.* See *Winne* v. *Niagara Ins. Co.*, 91 N. Y. 185; *Home Ins. Co.* v. *Adler*, 71 Ala. 516; *Ruggles* v. *American Ins. Co.*, 114 N. Y. 415, 21 N. E. 1000; *Audubon* v. *Excelsior Ins. Co.*, 27 N. Y. 216; *Hartford Ins. Co.* v. *King*, 106 Ala. 519, 17 South. 707.

Upon some material questions the evidence is conflicting, but upon each there is some evidence, and the preponderance is a question for the trial court.

One of the grounds for a new trial was permitting appellee to read in evidence the longhand manuscript of the testimony of the original plaintiff, George, at a former trial of the case. The witness' death after the former, and before the present trial, was shown. The issues on the former trial, as shown by the pleadings introduced in evidence, were essentially the same as these at the present trial. In the two trials it was sought to recover on an oral contract to insure the same property in the same amount at the same rate, the only difference being that in the former complaint the date of the contract was fixed at on or about November, 1893, and in the present case the date is fixed in January, 1894. It is clear the witness testified then as to the same subject-matter in controversy now, and that the issue then tried was such as to challenge a full cross-examination respecting the right asserted now. It is well settled that the testimony of a deceased witness may be repeated at a subsequent trial. *Rooker* v. *Parsley*, 72 Ind. 497; *Indianapolis, etc., R. Co.* v. *Stout*, 53 Ind. 143; *Horne* v. *Williams*, 23 Ind. 37, 1 Greenl. Ev. §164; Gillette Ind. and Col. Ev., §188.

The admission of the old policy in evidence was not error. It is true that policy was issued to a firm, since dissolved, but appellee's decedent was a member of the firm. As the

old policy was issued by appellant, was on the same property, and was referred to in the negotiations between the parties, it was admissible in evidence in aid of the agreement. *Home Ins. Co.* v. *Adler*, 71 Ala. 516.

Certain alleged proofs of loss were introduced in evidence, and the findings show that proofs of loss were made. Soon after the fire the company denied that any contract of insurance existed by refusing to issue a policy. When the company refused, upon request, after the loss, to issue a policy based upon the oral agreement, it in effect denied any liability, and proofs of loss were not required as conditions precedent to bringing suit. The fire occurred January 28th, and on February 3rd following a demand was made for the policy, which was refused. This amounted to a denial of liability. This action of the company went to the foundation of the claim, and amounted to a denial of liability. *Audubon* v. *Excelsior Ins. Co.*, 27 N. Y. 217; *Tayloe* v. *Merchants Ins. Co.*, 9 How. 390.

Where there is other undisputed evidence that a certain person was the owner of certain personal property on a date named, it is harmless error to permit a witness to state who the owner was in answer to a direct question to that end. Admitting the answer to be a conclusion, the error is not reversible error under such circumstances.

An agent authorized to accept risks and collect premiums, having the power to make a valid parol contract to insure, may waive the payment of the premium in cash. And where the parties contract with reference to provisions of previous dealings, the terms of such dealings may be shown in order to arrive at the intention of the parties. And where in previous dealings a credit was given for premiums, such dealings could be looked to in determining whether a cash payment or a credit was intended. *Commercial Ins. Co.* v. *Morris*, 105 Ala. 498, 18 South. 34; Wood on Fire Ins. §28. But, as before said, the payment of the premium is not a precedent condition to a valid oral contract to insure.

A witness called had formerly been a partner of appellee's decedent, and a line of goods like those in controversy were owned by the firm.　The firm had dissolved, and decedent had purchased witness' interest.　An answer by the witness that she had no interest in the goods when burned would not tend to prove title in decedent.　But as there was evidence showing that the decedent was the owner when the goods were burned, a negative answer by the witness that she had no interest in them at that time could work no harm to appellant.

A witness, the company's adjuster, testified, over objection, that the old policy issued to the firm, and which was shown the witness, was the form of policy the company issued to its agents, so far as the printed matter and signatures of the officers were concerned.　Practically the same question was asked the agent with whom the negotiations to insure were had. Objection was made to this evidence as "immaterial" and as "irrelevant and immaterial." It has often been held that such objections are not sufficient to raise any question as to the competency or admissibility of evidence. *State* v. *Hughes*, 19 Ind. App. 266.　*Miller* v. *Dill*, 149 Ind. 326. Judgment affirmed.

Henley, J., dissents.