[No. 6422. Decided February 25, 1907.]

PETER THOMPSON, *Respondent*, v. GERMANIA FIRE INSURANCE COMPANY, *Appellant*.[1]

INSURANCE — CONTRACTS — ORAL AGREEMENT — BINDING MEMORANDUM. An oral contract of insurance is effected where the same was solicited by the agent's employee, agreed to by the insured, and memorandum of the same made out and approved by the agent, specifying the amount, commencement, and duration of the risk, description of the property, rate to be paid, and name of insured, and the insured was informed that the insurance was effected and policy would be delivered.

SAME—PROOFS OF LOSS—WAIVER—DENIAL OF LIABILITY. Proofs of loss are waived where, before the expiration of the time for making the same, the company denies any liability on the contract and the authority of its agent to make the same.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered March 24, 1906, upon the verdict rendered in favor of the plaintiff, by direction of the court, in an action on a contract of insurance. Affirmed.

*Happy & Hindman*, for appellant.
*Danson & Williams*, for respondent.

MOUNT, J.—Respondent recovered a judgment in the court below for $1,000, upon an alleged oral contract of insurance. The defendant appeals.

The facts are as follows: Appellant was engaged in issuing contracts of insurance in this state. One C. H. Rogers, doing business under the name of Rogers & Rogers, in Spokane, was the authorized agent of the appellant for the purpose of soliciting and accepting risks of insurance, and fixing the rate thereof, and signing and issuing policies of insurance. One T. L. Rogers was employed by Rogers & Rogers to solicit insurance and do other work. In addition

[1]Reported in 88 Pac. 941.

to representing appellant, Rogers & Rogers also represented other insurance companies. On August 19, 1905, T. L. Rogers, in the course of his employment, solicited insurance upon certain household goods of respondent, to the amount of $1,000. Respondent consented to the insurance. Thereupon T. L. Rogers immediately went to the office of Rogers & Rogers, and made a memorandum or record of the terms of the insurance, specifying the amount of the risk, describing the property to be insured, the time the risk was to begin, viz., August 19, 1905, the time when the risk should end, viz., one year from that date, and also the rate to be paid, and the name of the insured. This memorandum was placed on file in the office of Rogers & Rogers according to the usual custom. Across the face of this memorandum the word "Germania" was written, to indicate the company in which the policy was to be written. On the same day C. H. Rogers, the duly authorized agent of the appellant, examined the memorandum and approved the risk.

For some reason the clerk in the office of Rogers & Rogers, whose duty it was to prepare the policy, failed to write the policy at once. On September 23, 1905, respondent met T. L. Rogers and asked him if the insurance had been effected, and was told that it had. Respondent at that time asked for his policy and was told that it would be delivered to him, respondent saying that he would pay the premium thereon as soon as the policy was delivered.

On the morning of September 26, 1905, the property covered by the application for insurance was totally destroyed by fire. No policy was in fact issued until after the fire. On the morning after the fire a policy was written and delivered to respondent, and the premium was thereupon paid. A day or two thereafter, an adjuster for appellant examined the respondent under oath in regard to the loss and in regard to the claim of insurance, and stated to respondent that it would not be necessary for him to furnish proofs of loss,

saying: "I am doing that for you." This examination was reduced to writing, signed and sworn to by the respondent before a notary public, and was given to the said adjuster. Prior to this examination, the respondent and the adjuster entered into an agreement, as follows:

"It is hereby mutually stipulated and agreed by and between Peter Thompson, the party of the first part, and Germania Fire Insurance Company and other insurance companies or associations signing this agreement, party of the second part, that any action taken by the party of the second part in investigating the cause of the fire or in investigating and ascertaining the amount of loss and damage to the property of the party of the first part, caused by fire alleged to have occurred on the 26th day of September, 1905; shall not waive or invalidate any of the conditions of the policy of the party of the second part held by the party of the first part, and shall not waive or invalidate any right whatsoever of either of the parties to this agreement. The intent of this agreement is to preserve the rights of all parties hereto, and provide for an investigation of the fire and the determination of the amount of the loss or damage, in order that the party of the first part may not be delayed unnecessarily in his business, and in order that the amount of his claim may be ascertained and determined without regard to the liability of the party of the second part."

Thereafter and before the expiration of the time when proofs of loss might have been made under the terms of policies usually issued, the appellant repudiated the claim of respondent, and denied the authority of Rogers & Rogers to execute a policy of insurance, and denied any liability under the contract of insurance. Thereafter this suit was brought upon an oral contract of insurance. During the trial it was stipulated that the fire occurred as alleged, and that respondent's property was totally destroyed, to the amount of $1,000. No proofs of loss were furnished other than as above stated. The trial court, after hearing the evidence substantially as above stated, refused to submit the

case to the jury, but directed a verdict for the respondent for $1,000 and interest.

Appellant contends upon this appeal that the facts stated are not sufficient to make out an oral contract of insurance, because no time was agreed upon as to the duration of the risk, because no company was agreed upon to assume the risk, and because the contract was not made with an agent of the appellant. The evidence seems so clear upon all these points that it is unnecessary to discuss it. The time the policy was to run, the rate, the amount, the company which was designated to carry the insurance, and the goods to be insured, were all stated and agreed upon and approved by C. H. Rogers, the general agent of the company, with full power in the premises. If loss had not occurred, the appellant no doubt would have collected its premium from October 19, 1905.

Appellant next contends that respondent cannot recover because no proofs of loss were made. We may assume that, under an oral contract of insurance, the usual conditions of written contracts of insurance are to be followed, and we may also assume that no formal proof of loss was furnished by the respondent to the appellant. Still the rule is that, when a contract is repudiated, as in this case, on the ground that there is no contract and no liability, before the time expires for furnishing such proofs, such denial of liability is a waiver of the proof of loss. *Knickerbocker Life Ins. Co. v. Pendleton*, 112 U. S. 696, 5 Sup. Ct. 314, 28 L. Ed. 866; *Campbell v. American Fire Ins. Co.*, 73 Wis. 100, 40 N. W. 661; *Aetna Ins. Co. v. Shryer*, 85 Ind. 362; *Gold v. Sun Ins. Co.*, 73 Cal. 216, 14 Pac. 786; *McBride v. Republic Fire Ins. Co.*, 30 Wis. 562; *Baile v. St. Joseph Fire etc. Ins. Co.*, 73 Mo. 371; *Cushing v. American Ins. Co.*, 4 Wash. 538, 30 Pac. 736.

It was, therefore, not necessary to furnish proofs of loss. Under the conceded facts in the case, there was no question

for the jury. The judgment appears to be right, and is therefore affirmed.

HADLEY, C. J., FULLERTON, ROOT, CROW, and DUNBAR, JJ., concur.