[No. 10453.  Department One.  February 1, 1913.]

JOE CHENIER et al., Respondents, v. INSURANCE COMPANY OF NORTH AMERICA, Appellant.[1]

INSURANCE—CONTRACT TO INSURE—ORAL CONTRACT OF AGENT. An oral contract by agents for an insurance company to renew a policy upon its expiration, renders the company liable for damages sustained on failure to issue the policy, where the property was subsequently destroyed.

INSURANCE—CONTRACT TO INSURE—ACTIONS—CONDITIONS PRECEDENT—PROOF OF LOSS—LIMITATIONS—WAIVER. In an action against an insurance company for damages sustained by reason of its failure to issue a policy of fire insurance, pursuant to an oral agreement therefor, conditions precedent to an action upon the prospective policy requiring proofs of loss and that suit be commenced within twelve months, are not a defense; since conditions that would have been contained in the prospective policy are waived by denial of the contract and failure to issue the policy.

Appeal from a judgment of the superior court for King county, Gay, J., entered April 13, 1912, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Hathaway & Alston,* for appellant.

*Alexander & Bundy,* for respondents.

PARKER, J.—This is an action to recover damages in the sum of $500, alleged to have resulted to the plaintiffs from a breach of a contract on the part of the defendant by which it agreed to execute a policy of insurance upon a building owned by them. A trial resulted in verdict and judg-

[1]Reported in 129 Pac. 905.

ment in favor of the plaintiffs for the amount claimed, from which the defendant has appealed.

The contentions of counsel for the respective parties rest upon facts as to which there is no substantial dispute. Respondents had an insurance policy for $500, executed by appellant upon their building. This policy by its terms expired on January 1, 1909. On September 1, 1908, respondents entered into an oral contract with appellant through its agent, by which it agreed that, upon the expiration of the policy on January 1, 1909, a new policy should be executed; in other words, that the insurance should then be renewed. There was some evidence tending to show that respondents had a sufficient amount of return premium due them in the hands of the agent, from other cancelled policies, to pay the premium upon the new policy to be issued January 1, 1909, and that it was understood that such sum should be applied in payment of the premium upon the new policy. It seems probable that the jury concluded that the premium was paid upon the new policy in this manner. But, however that may be, it is plain that the jury was warranted in concluding, and did conclude, from the evidence that the contract for the new policy to be issued January 1, 1909, was actually made and became a binding contract. Indeed, it is not now seriously disputed but that the verdict of the jury became conclusive upon the existence of this contract, though its existence was denied by appellant's answer and strenuously contested at all times up to the rendering of the verdict. On January 10, 1909, ten days after the agreed time for the issuing of the new policy, the building was destroyed by fire.

The evidence is somewhat in conflict as to respondents' giving notice to the agent of the destruction of the building by fire, and as to the claim made against appellant by respondents prior to the commencement of this action. It is, however, undisputed that respondents never tendered to appellant any proof of their loss. This action was commenced

on April 15, 1910, which it will be noticed was more than twelve months after the date of the fire. In addition to its denial of the making of the contract, appellant affirmatively alleged in defense that it never issued an insurance policy which did not contain a provision that, "if fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, . . . and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by. said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interests of the insured and all others in the property, the cash value of each item thereof and the amount of loss thereon." Also, that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." Also, that the plaintiffs had knowledge of the fact that all fire insurance policies contain such provisions; that the plaintiffs never made any proof of loss, and that more than one year elapsed between the date of the fire and the commencement of this action. Respondents demurred to this affirmative defense, which demurrer was sustained by the trial court. Therefore no evidence was introduced by appellant to sustain its affirmative defense. Respondents, however, did introduce in evidence the original policy of insurance, which contained provisions substantially as pleaded in appellant's affirmative defense. It also appears from the evidence introduced by respondents that none of the conditions relied upon by appellant in its affirmative defense were complied with. We therefore have before us all of the facts necessary to the maintenance of appellant's affirmative defense, if such facts constitute a defense.

The controlling question here is, Are respondents precluded from recovering because of their failure to comply with

conditions precedent to recovery which would have been contained in the policy had it been issued in compliance with the contract? No doubt if such policy had been issued and this were a suit thereon to recover the amount of the insurance evidenced thereby, respondents would be so precluded, unless appellant had in some manner waived the conditions to be performed by respondents as a prerequisite to such recovery. But this is not a suit upon such policy; nor is it a suit upon an oral contract of insurance. It is a suit for damages because of the failure of appellant to execute a contract of insurance as it agreed to do. It is true, as insisted upon by counsel for appellant, that "it will be presumed that they contemplated such form of policy, containing such conditions and limitations as are usual in such cases, or have been used before between the parties." *Eames v. Home Ins. Co.*, 94 U. S. 621, 629. But the general rule seems to be that a failure on the part of the insurer to issue a policy in pursuance of such a contract constitutes a waiver of conditions precedent to be performed by the insured, which the policy if issued would have contained. It also seems to be the general rule that a denial by the insurer of the existence of such a contract, whether it be for insurance, that is, a contract for a policy to be issued, or a contract of insurance strictly speaking, constitutes a waiver of conditions precedent to be performed by the insured. These general rules are apparently not adhered to by all of the courts though we think they are supported by the decided weight of authority. In *Thompson v. Germania Fire Ins. Co.*, 45 Wash. 482, 88 Pac. 941, we said:

"Appellant next contends that respondent cannot recover because no proofs of loss were made. We may assume that, under an oral contract of insurance, the usual conditions of written contracts of insurance are to be followed, and we may also assume that no formal proof of loss was furnished by the respondent to the appellant. Still the rule is that, when a contract is repudiated, as in this case, on the ground that there is no contract and no liability, before the time expires

for furnishing such proofs, such denial of liability is a waiver of the proof of loss;" citing authorities.

In the recent case of *Hatcher v. Sovereign Fire Assur. Co.*, 71 Wash. 79, 127 Pac. 588, we held that the waiver will be effectual, although the act or conduct of the insurer relied upon to constitute such waiver is subsequent to the time fixed by the policy within which proof of loss must be furnished. True, in that case the waiver did not arise from a denial of the existence of the contract on the part of the insurer, but we are unable to see that conduct consisting of a denial of the existence of the contract, made after the prescribed time for furnishing proof, is not as effectual to relieve the insured from making proof of loss as such a denial on the part of the insured made before such time would be. In either event, such denial is wholly inconsistent with the necessity of proof. The offer of proof in one case is as vain and useless as in the other, and this apparently is the reason upon which the rule rests. These decisions seem to effectually dispose of appellant's contentions, in so far as they rest upon respondents' failure to furnish proof of loss.

Since the appellant also rests its defense upon respondents' failure to commence this action within twelve months after the occurrence of the fire, as the conditions of the policy, if issued, would have required, it becomes necessary to follow learned counsel's contentions further, and ascertain whether such limitation as to the time of commencing an action is any more binding upon respondents or less capable of being waived by the insured than the conditions as to furnishing proof of loss. Now, if the condition to be contained in the prospective policy as to furnishing proof of loss within a certain time is ineffectual as against respondents because of appellant's denial of the contract and failure to issue the policy, it would seem that other conditions precedent to recovery, to be contained in the prospective policy, would be equally ineffectual upon denial of the contract and failure to issue the policy.

While it seems clear to us that this is a contract for the issuing of a policy of insurance, that is, a contract for insurance rather than a contract of insurance strictly speaking, we think it unnecessary to dwell upon the technical distinction differentiating such contracts which is sometimes noticed by the authorities. The practical importance of this distinction does not seem to have been recognized by the decisions of the courts to the extent one might expect from the statement of the general rule found in the authorities. This is, at least, true where there has been under consideration an oral contract and the question of giving force to conditions precedent to be contained in the prospective policy. That is, the question of waiver or rendering effectual of such conditions by denial of the contract, and failure to issue the policy, has not, in all adjudicated cases, been rested upon the technical distinction between contracts for insurance and contracts of insurance. Now, it would seem that, if such prospective conditions would be binding in any case upon the insured under an oral contract, they would be where the oral contract is one of insurance contemplating the issuance of a policy as further evidence of the contract, yet even in such cases, a majority of the decisions seem either to ignore the distinction between oral contracts for insurance and oral contracts of insurance, or else to hold the conditions waived by the insurer by its failure to issue the policy.

We will now notice some of the decisions applying the law to the facts of particular cases. In *Hardwick v. State Ins. Co.*, 20 Ore. 547, 26 Pac. 840, there was involved an oral contract. The insured had a policy issued by the defendant, which was of questionable validity by reason of defective description of the property. This policy was by agreement cancelled, with the understanding that a new policy should be issued as soon as could conveniently be done. It was agreed that, since the new policy could not be immediately issued as it had to be procured by mail from a distance, the insurance should commence July 20, 1889, the date of the

agreement, as though the policy had been then actually issued and delivered, and that the new policy should run from that date. About a month later the property was destroyed by fire, at which time the new policy had not been issued, and thereafter the insurer refused to issue the new policy and refused to pay the loss. Apparently one of the conditions of the prospective policy was that the insured must commence an action to recover for loss within six months from the date of the loss. Disposing of the contention that this condition was binding upon the insured, the court said:

"In the ruling of the court sustaining the motion to strike out that portion of the answer alleging that the action was not commenced within six months after loss, and in refusing to give the instruction asked by defendant to the same effect, there was no error. This action is not based upon the terms of any policy, but upon the breach of a contract. Although plaintiff testified that the policy to be issued was to be in terms the same as the former one, except as to length of time and amount of premium, defendant refused to issue or deliver the policy according to the contract, and hence this action. Having failed to issue the policy, it can claim no exemption from liability on account of any provisions the policy might or would have contained had it been issued."

It is difficult to escape the conclusion that that contract was one of insurance rather than one for insurance, though the court seems to have ignored such distinction and based its decision upon the ground of waiver upon the part of the insurer by its failure to issue the policy. This is the only decision coming to our notice involving the waiver of or rendering ineffectual a condition limiting the time for commencing suit to recover the loss, to be contained in a prospective policy, by a failure to issue such policy in pursuance of an oral contract. In *Sproul v. Western Assur. Co.*, 33 Ore. 98, 54 Pac. 180, there was involved an oral contract contemplating the issuing of a policy in usual form. The policy would have contained conditions rendering it void if

2—72 WASH.

the property was, or should become, encumbered by mortgage. The property was so encumbered, and was destroyed by fire before issuance of the policy. Answering the defense made by the insurer that the right of the insured to recover was defeated by failure of the insured to comply with conditions which would have been contained in the prospective policy if issued, the court said:

"Where the existence of a contract to insure is flatly denied, and the issuance of the policy is refused and withheld, the company should be held to have waived such conditions as are calculated to void it at the very moment of its execution, unless it has given ample notice to the assured that they will not only be contained in the policy, but insisted upon, in case the facts which are supposed to give rise to the stipulations prove to be falsely represented. So it is as it respects those conditions which the assured is required to observe in order to perfect his remedy against the company."

In *Western Assur. Co. v. McAlpin*, 23 Ind. App. 220, 55 N. E. 119, 77 Am. St. 423, there was involved an oral contract which the court regarded as a contract of insurance, and not simply a contract to issue a policy of insurance. Disposing of the defense that the proof of loss had not been made as would have been required by the conditions of the prospective policy, the court said:

"Soon after the fire the company denied that any contract of insurance existed by refusing to issue a policy. When the company refused, upon request, after the loss, to issue a policy based upon the oral agreement, it in effect denied any liability, and proofs of loss were not required as conditions precedent to bringing suit."

The following decisions are also in harmony with these views: *Tayloe v. Merchants' Fire Ins. Co.*, 9 How. 390; *Gold v. Sun Ins. Co.*, 73 Cal. 216, 14 Pac. 786; *Campbell v. American Fire Ins. Co.*, 73 Wis. 100, 40 N. W. 661; *Baile v. St. Joseph Fire & Marine Ins. Co.*, 73 Mo. 371.

It may be suggested that the decisions rest to some extent upon want of knowledge in the insured of the conditions

which would be contained in the prospective policy. For instance, such fact is noticed in the Missouri cases above cited. However, that such fact is not controlling seems to be plain, in view of the fact that the Oregon, Indiana, and California cases above cited deal with contracts for renewal of policies. Of course, in such cases the insured knew what the conditions of the prospective policies would be, and yet the insured were held not bound thereby, because the contracts were denied and the policies never issued.

We will now notice the decisions upon which counsel for appellant place their principal reliance. In *Hicks v. British America Assur. Co.*, 162 N. Y. 284, 56 N. E. 743, 48 L. R. A. 424, there was involved an oral contract which a majority of the court regarded as a contract of present insurance. The parties to that contract no doubt contemplated the issuance of a policy; but whether or not they did in fact so contemplate, the statutes of New York then in force prescribed a standard form of insurance policy, the terms of which, by operation of law, became a part of the contract. A majority of the court held that the conditions specified in the statutory policy must be complied with by the insured as a prerequisite to his right of recovery. Three of the judges of that court dissented from the majority opinion, upon the ground of waiver of those conditions by the failure of the company to issue the policy in compliance with the contract. It is also worthy of note that that decision reversed a decision of the appellate division of the supreme court, which decision was concurred in by all of the five judges of that court. *Id.*, 13 App. Div. 444, 43 N. Y. Supp. 623.

In *Lipman v. Niagara Fire Ins. Co.*, 121 N. Y. 454, 24 N. E. 699, 8 L. R. A. 719, there was involved a binding slip, as it was called, being a memorandum evidencing what the court regarded as a contract of present insurance. The court held that the insured was bound by all of the conditions of the prospective policy as if it had been issued. But while these decisions do not seem to be in harmony with all of those above

noticed, they nevertheless are not necessarily in conflict with our holding in this case in favor of the respondents, because there is here involved a contract which is not a contract of present insurance, but a contract for the issuance of an insurance policy at a future time. The only decision called to our attention which is seemingly in direct conflict with this view is that of *Barre v. Council Bluffs Ins. Co.*, 76 Iowa 609, 41 N. W. 373.

We feel constrained to follow what we regard as the decided weight of authority, and hold that the failure of appellant to issue an insurance policy in pursuance of the contract which the jury found to exist in this case, rendered wholly ineffectual as against respondents the conditions which would have been contained in the prospective policy had it been issued, requiring the respondents to furnish proof of loss within a certain time, and requiring the commencement of an action to recover upon the policy within one year from the date of the fire.

The judgment is affirmed.

CROW, C. J., GOSE, and MOUNT, JJ., concur.