[Civ. No. 7490. First Appellate District, Division One.—September 22, 1931.]

J. P. ENFANTINO, Respondent, v. UNITED STATES FIRE INSURANCE COMPANY (a Corporation) et al., Appellants.

Charles W. Haswell for Appellants.

Chauncey Tramutolo and Robert E. Hatch for Respondent.

THE COURT.—An appeal by defendants United States Fire Insurance Company and North River Insurance Company from a judgment in favor of plaintiff in the sum of $1500.

The complaint alleged that on or about August 25, 1925, in consideration of a premium of $45, defendants issued a policy of insurance upon certain alfalfa hay owned by plaintiff for a term of six months; that during the policy period, to wit, on January 1, 1926, the hay was totally destroyed by fire. It was further alleged that defendants waived the provisions of the policy requiring notice and proof of loss, and that plaintiff had otherwise kept and performed all the provisions of the policy.

Defendants alleged that before the fire the policy was indorsed and modified so as to shorten the term from six to four months; that consequently the policy expired before the fire occurred; further, that plaintiff failed to comply with the requirement that a written proof of loss be filed within sixty days from the date of the fire.

The cause was tried by the court, which found that plaintiff had performed all the conditions and provisions of the policy by him to be performed, and that defendants waived all conditions precedent therein to be performed by him; also that defendants within sixty days after the loss denied liability under the policy and induced plaintiff to believe that a proof of loss need not be filed; further that the policy was never altered or amended so as to shorten the term to a date before the fire occurred and no indorsement so changing the term was ever delivered to plaintiff.

■ With regard to defendants claim that an indorsement shortening the term, to be attached to the policy, was delivered to the plaintiff, the evidence sufficiently supports the finding that there was no actual delivery to the plaintiff, but to one Broadhurst, who, defendants contend, was plaintiff's agent.

■ It has been held that where an insurance agent requests insurance from a company whom he does not represent he is acting for the insured. (*Solomon* v. *Federal Ins. Co.,* 176 Cal. 133 [167 Pac. 859].) Broadhurst testified that he was employed as an insurance solicitor by A. L. Branch Company of Stockton, California, and solicited the insurance from the plaintiff. It was further testified that Branch was the agent of defendants and authorized to issue the policy in question; further, that the written indorsement was sent by defendants' general agents in San Francisco to Branch at Stockton, California, by whom it was to have been delivered to the plaintiff; and in addition the record contains evidence that Broadhurst was also a duly licensed agent for both companies and not an insurance broker during this period. This testimony disposes of the contention that Broadhurst was plaintiff's agent in the transaction.

■ It is admitted that no proof of loss was filed, but the rule is well settled that if the insurer within the time limited for presenting proofs of loss denies liability or

refuses to pay the loss on grounds not relating to the proofs, he thereby waives the necessity for proofs (26 Cor. Jur., Fire Insurance, sec. 522, p. 406; *Gold* v. *Sun Ins. Co.*, 73 Cal. 216 [14 Pac. 786]; *Farnum* v. *Phoenix Ins. Co.*, 83 Cal. 246 [17 Am. St. Rep. 233, 23 Pac. 869]; *Bank of Anderson* v. *Home Ins. Co.*, 14 Cal. App. 208, 219; *Buxton* v. *International Indemnity Co.*, 47 Cal. App. 583, 591 [191 Pac. 84]; *Lee* v. *United States Fire Ins. Co.*, 55 Cal. App. 391, 395 [203 Pac. 774]; *Baile* v. *St. Joseph F. & M. Ins. Co.*, 73 Mo. 371; *Thompson* v. *Germania Fire Ins. Co.*, 45 Wash. 482 [88 Pac. 941]).

The evidence shows that after the fire and before the time for presenting proofs expired both the local agent of the insurers, and the manager for their general agent, declared to plaintiff that he had no insurance, their claim being that the policy had expired. These statements constituted a sufficient denial of liability within the above decisions.

The policy contained a provision that no officer, agent or other representative should have power to waive any condition of the policy except by writing indorsed thereon or added thereto; but as held in *McCollough* v. *Home Ins. Co.* 155 Cal. 659 [18 Ann. Cas. 862, 102 Pac. 814], this provision had no reference to the stipulations to be performed after the loss had occurred, such as giving notice and furnishing preliminary proofs; and an agent with general authority might waive these conditions (*Bank of Anderson* v. *Home Ins. Co., supra*). As the court said in *Ramirez* v. *United Firemen's Ins. Co.*, 46 Cal. App. 451 [189 Pac. 309, 311], "where the question of the waiver of such provision is involved an appellate court should not, in order to reverse the judgment, scan too closely the evidence upon which the trial court refused to declare a technical forfeiture".

The evidence sustains all the findings necessary to support the judgment, and no error is shown which would warrant a reversal.

The judgment is affirmed.