[L. A. No. 15970.   In Bank.—December 10, 1936.]

CARL R. WILLIAMS, Respondent, v. GENERAL INSUR-
ANCE COMPANY OF AMERICA et al., Defendants;
GENERAL CASUALTY COMPANY, Appellant.

(1)

C. A. Pinkham and Kidd, Schell & Delamer for Appellant.

Henry T. Leckman, Jennings & Belcher and Louis E. Kearney for Respondent.

THOMPSON, J.—This is an appeal from a judgment in favor of plaintiff and against the defendant General Casualty Company in an action based upon a policy of automobile liability insurance. The policy was in the usual form, but in particular covered the operation of any automobile with the permission of the owner except one owned in whole or in part by the plaintiff or any member of his household.

It was alleged that while the policy was in force and effect, plaintiff was operating an automobile with the consent of the owner, which automobile was not owned in whole or in part by plaintiff or any member of his household; that while so driving this automobile, he collided with one Robert Young; that thereafter Robert Young filed an action and recovered a judgment against plaintiff herein, Carl R. Williams; that Carl R. Williams had paid the judgment; and that demand had been made upon the defendant insurance company for the repayment thereof under the terms of the policy, which payment was refused.

Plaintiff Williams prevailed at the trial of the instant case, and the defendant insurance company appeals from the judgment.

It is the contention of appellant that the evidence is insufficient to support the finding that plaintiff was not the owner absolutely or in part of the automobile being driven by him and that, even if he were not, he was estopped to deny his ownership. Further, it asserts that it did not waive plaintiff's failure to furnish it with a copy of the summons and complaint served upon him, nor was it estopped to rely upon such failure as a breach of one of the provisions of the policy and, also, that plaintiff violated a provision of the policy by giving false information.

In examining these contentions, it is important to note at the very beginning that when the case was called for trial the following occurred:

"The Court: As I understand, I have only two issues, one is the question arising out of the ownership of the automobile; and the other is the question whether the defendant has waived its right under the policy to have the papers turned over to it. So that, with that understanding, it would seem to be unnecessary to spend any further time going through these particular allegations of the pleadings."

"Plaintiff's counsel: That is my understanding of the matter. Is that yours?"

"Defendant's counsel: That is perfectly clear."

This stipulation followed shortly after an exchange between counsel, wherein plaintiff's attorney asserted that the only issue involved "was whether Mr. Williams owned in full or in part the automobile which he was driving at the time the accident occurred," to which defense counsel replied: "Except that you will find the last affirmative defense, to the effect that the plaintiff failed, refused or neglected to turn over the papers in this action to the company; as to that I understand you are claiming an estoppel." It is obvious, therefore, that the case was tried upon the theory that whether plaintiff was the owner of the automobile and whether appellant had waived the right to have the papers turned over to it were the only two issues left to be determined.

■ With this preliminary premise, we may turn to the first contention, which is, in effect, that plaintiff was the owner in part at least of the automobile. He testified positively and in detail to the contrary, reciting the circumstances under which the car was rented. He was corroborated by disinterested witnesses. It is true that in the statement written by a representative of the appellant while interviewing plaintiff and signed by the latter there was a declaration that he had purchased the car, although the pink slip was still in the possession of and the car was registered in the name of designated second-hand dealers. It is not necessary at this juncture to recite more of the testimony. It is apparent that there was support for the finding of the court that plaintiff was not the owner in whole or in part of the automobile. A conflict between the testimony of a witness and statements previously made by him presents a question to the jury or trier of facts and it is not the province of the appellate tribunal, under

ordinary circumstances to interfere therewith. (*Miller* v. *Schimming,* 129 Cal. App. 171 [18 Pac. (2d) 357], *Smarda* v. *Fruit Growers' Supply Co.,* 1 Cal. App. (2d) 265 [36 Pac. (2d) 701], and *Keyser* v. *San Diego Elec. Ry. Co.,* 16 Cal. App. (2d) 48 [60 Pac. (2d) 136].)

█ With respect to the second contention of appellant to the effect that respondent was estopped to deny that he was the owner in part of the automobile, by reason of having signed the statement to which we have made reference, we must revert to the fact that such an issue was excluded by the stipulation defining them, and must mention the further fact that no estoppel was pleaded by the defendant-appellant. █ Appellant, however, argues that it was not bound to assume that plaintiff would testify contrary to the written statement, hence it was not required to plead estoppel as a defense, but might avail itself of the principle of equitable estoppel to deny the fact. We cannot agree with this assertion in the present case nor concur in the contention that the case of *Kenny* v. *Christianson,* 200 Cal. 419 [253 Pac. 715, 50 A. L. R. 1297], is applicable or controlling. At no time in the course of the proceedings was the appellant misled or lulled into a sense of security by any act of the plaintiff. Even before the action to recover a judgment for damages was brought against plaintiff by the victim of the collision, the appellant was fully apprised by plaintiff that he entirely repudiated the statement contained in the writing that he owned an interest in the automobile. Not only did the plaintiff testify to that effect, but the appellant's own investigator admitted as much on the witness stand on at least three occasions. The evidence further discloses that appellant's independent investigation also revealed through other sources of information that the automobile belonged to and was registered in the name of the used car dealers from whom plaintiff rented it. It was consequently advised through other sources that plaintiff would probably rely upon his repudiation of the statement in the writing. It follows, under all the circumstances of the case, that appellant should not now be permitted to assert that plaintiff was estopped to deny his ownership of the automobile and further that there was in truth no estoppel established by the evidence, for the reason that all the elements thereof were not proved. (*Bank of America*

v. *Pacific Ready-Cut Homes,* 122 Cal. App. 554 [10 Pac. (2d) 478], and cases cited.)

We may, therefore, turn to an examination of the contention that appellant had not waived the delivery to it of the copy of the summons and complaint served on plaintiff on July 23, 1932. Prior to that date and on June 28th, appellant notified plaintiff that it disclaimed all liability and, in answer to a letter from plaintiff's counsel of date July 23d, advising it of the above action, the appellant stated that it was not in any manner obligated to Mr. Williams and was not called upon to make any defense and was notifying him accordingly "in order that Mr. Williams" might "take such steps as he" deemed "necessary to protect his interests in the premises." It thus appears that the delivery of the copy of the summons and complaint would have been an idle and useless act. In fact, the letter to which we have just referred was intended to advise plaintiff of the futility of such delivery and that he was to defend himself. The case is thus brought within the rule announced in *Bachman* v. *Independence Indemnity Co.,* 112 Cal. App. 465, 470 [297 Pac. 110, 298 Pac. 57]. (See, also, *Farnum* v. *Phoenix Ins. Co.,* 83 Cal. 246 [23 Pac. 869, 17 Am. St. Rep. 233]; *Paez* v. *Mutual Indemnity Acc., Health & Life Ins. Co.,* 116 Cal. App. 654 [3 Pac. (2d) 69]; *Enfantino* v. *United States Fire Ins. Co.,* 116 Cal. App. 729 [3 Pac. (2d) 331].)

It is difficult to see how appellant can advance the last contention that plaintiff violated the terms of the policy by giving it information that he was the owner in part of the automobile in the face of the stipulation concerning the issues before the trial court. However, we think it unnecessary to recite in detail the circumstances related by plaintiff to support his testimony that he did not read the statement to the effect that he owned an interest in the automobile before he appended his signature, because the section of the policy claimed to be violated is that which is known as the "cooperation clause" and which requires the assured upon the "occurrence of an accident" to give the fullest information obtainable to the insurer. There is no contention here that plaintiff did not give all the information possible respecting the occurrence of the accident. Assuming only that the clause covered the information concerning

the ownership, and assuming that plaintiff did say (which he denies) to the investigator that he owned an interest, the appellant suffered no prejudice because of the repudiation which shortly followed and for the reasons we have heretofore discussed.

It follows that the judgment should be and it is hereby affirmed.

Shenk, J., Waste, C. J., Curtis, J., Seawell, J., and Langdon, J., concurred.