PIEDMONT FIRE INS. CO. v. AARON et al.

No. 5108.

Circuit Court of Appeals, Fourth Circuit.

Nov. 8, 1943.

Charles E. Ford, of Washington, D. C., and Alexander H. Sands, of Richmond, Va., for appellant.

William Davis Butts, of Newport News, Va., for appellees Mrs. D. E. Roles and Mrs. Walter Rooks.

Tazewell Taylor, of Norfolk, Va., and Allan D. Jones, of Newport News, Va. (Jones, Blechman & Jones, of Newport News, Va., on the brief), for appellee Harry J. Aaron.

PARKER, Circuit Judge.

This is an appeal from an order dismissing a suit for a declaratory judgment. On September 11, 1942, one Harry J. Aaron, a fur dealer, instituted an action at law in the Circuit Court of Newport News, Virginia, to recover on a contract of insurance evidenced by a binder issued by an agent of the defendant Piedmont Fire Insurance Company. A few days later, the insurance company filed a suit for declaratory judgment in the United States District Court for the Eastern District of Virginia, asking that the binder be declared null and void on the ground of fraud and misrepresentation in the procurement, and that the insurance company be declared not liable under the binder, either to Aaron or to persons who had stored with him furs which were claimed by him to be covered by the binder. A number of these persons were made parties to the suit as representatives of a numerous class, and two other insurance companies which had issued policies covering the loss were joined as defendants. The action instituted in the state court was promptly removed by the insurance company into the federal court, in which the suit for declaratory judgment had already been commenced; and an order was entered that the two causes be consolidated. Later, upon motion of Aaron that the issue as to liability on the binder be tried before a jury, an order was entered that it be so tried and that the suit for declaratory judgment be dismissed.

An affidavit filed with this court, the allegations of which are not controverted by the insurance company, shows that Aaron has made settlement with all except ten of

734

the 976 persons who had stored furs with him; that settlement has been made with eight of these ten claimants by other insurance companies who have agreed to await the outcome of this suit for the adjustment of their claims; that the total of the ten claims does not exceed $1,500; and that Aaron is willing to deposit that sum in the registry of the court to assure the settlement of the claims. It was stated, without contradiction, that the situation at the time of the pretrial conference preceding the entry of the order of dismissal was not substantially different. There was no controversy between the insurance companies as to the liability of the companies joined as defendants in the suit for declaratory judgment. There. was, consequently, but one substantial issue left in the case and, as stated by the judge below, that issue was fully determinable in the action on the binder, which was first instituted and which was retained within the court's jurisdiction when the order dismissing the suit for declaratory judgment was entered.

█ It is clear, we think, that the order appealed from should be affirmed. The question as to whether the insurance company was liable on the binder was one for trial by jury whether arising in the action on the binder or in the suit for declaratory judgment. "Ordinarily when the defense of fraud may be interposed to an action at law on the policy and such action is imminent or pending, there is no occasion for equitable relief and the parties will be left to their rights as determined in the suit at law". Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 59 S.Ct. 657, 661, 83 L.Ed. 987; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Di Giovanni v. Camden Fire Ins. Co., 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L. Ed. ——. Express provision is made in the Federal Declaratory Judgment Act for jury trial of "issues of fact triable by a jury". 28 U.S.C.A. § 400(3); Rule 57 of Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c; Moore's Federal Practice, vol. 3, p. 3231; Borchard, Declaratory Judgments, 2d Ed., pp. 399, 403

█ Contention is made that recovery on the binder could be had only in equity, and that under the Rules of Civil Procedure trial by jury was not mandatory for that reason. It has long been established, however, that recovery at law may be had upon the contract for temporary insurance which the binder evidences. 26 C.J. 51; 29 Am. Jur. 143; Kerr v. Union Marine Ins. Co., D.C., 124 F. 835, 837; Ellis v. Albany City Fire Ins. Co., 50 N.Y. 402, 10 Am.Rep. 495; Angell v. Hartford Fire Ins. Co., 59 N.Y. 171, 17 Am.Rep. 322; Hicks v. British American Ins. Co., 162 N.Y. 284, 56 N.E. 743, 48 L.R.A. 424; Sanford v. Orient Ins. Co., 174 Mass. 416, 54 N.E. 883, 75 Am.St.Rep. 358; Chenier v. Insurance Co., of North America, 72 Wash. 27, 129 P. 905, 48 L.R.A.,N.S., 319, Ann.Cas. 1914D, 649; National Liberty Ins. Co. v. Jones, 165 Va. 606, 183 S.E. 443; Lea & Adcock v. Atlantic Fire Ins. Co., 168 N.C. 478, 84 S.E. 813.

█ Since there was no occasion to retain the declaratory judgment suit for the determination of the rights of those who had stored furs with Aaron or the liability of the other insurance companies, and since the only issue remaining in the case would necessarily be tried in the same way in the action to recover on the binder as in the suit for declaratory judgment, there was no occasion to complicate the record or the procedure by retaining that suit, and the order dismissing that portion of the consolidated proceeding was properly entered. It is true that the pendency of another proceeding in which relief can be granted does not necessarily preclude the maintenance of a suit for declaratory judgment. Ætna Casualty & S. Co. v. Yeatts, 4 Cir., 99 F.2d 665. The granting of declaratory relief, however, is a matter resting in the sound discretion of the court; and the discretion is properly exercised by dismissing the suit when it is apparent that it will serve no useful purpose. Ætna Casualty & S. Co. v. Quarles, 4 Cir., 92 F.2d 321; Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558; Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620.

There was no error and the order appealed from will be affirmed.

Affirmed.